(No. 12016.—Judgment affirmed.)

ALMA SCHLATTER, Defendant in Error, *vs.* ALBERT TRIE-BEL, Admr., Plaintiff in Error.

*Opinion filed June 20, 1918—Rehearing denied October 3, 1918.*

CONTRACTS—*what constitutes a sufficient consideration.* A contract to be legally binding must be based on a consideration, but any act which is a benefit to one party and a disadvantage to the other constitutes sufficient consideration.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding.

WEIL & BARTLEY, for plaintiff in error.

SCHOLES & PRATT, and A. M. OTMAN, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case comes to this court by writ of *certiorari* to review the judgment of the Appellate Court for the Second District affirming a judgment of the circuit court of Peoria county in favor of defendant in error, as plaintiff below, against plaintiff in error here, who was defendant below. The action is assumpsit and the judgment in the plaintiff's favor was for $2200.

The uncontroverted facts are that John Schlatter, who was plaintiff's father, owned and operated the Ideal Laundry several years in the city of Peoria. He became indebted, and his brother-in-law, Henry G. Triebel, father of defendant, who is plaintiff's cousin, endorsed for him to banks something more than $13,000. Triebel died in February, 1914, and the banks holding paper he had endorsed for Schlatter probated their claims and secured their allowance against his estate. Defendant was the administrator. Schlatter gave the administrator his note for $13,900 and agreed to pay $100 per month. There were other creditors pressing for payment and it became apparent that Schlatter could not continue the business. An audit was made of the books and accounts of the laundry, which showed liabilities amounting to $22,745.02, including the indebtedness Triebel was liable for. Negotiations were opened with Schlatter's creditors for a settlement on a basis of Schlatter paying sixty cents on the dollar. This proposition was agreed to by the creditors and Schlatter sold the laundry to Albert Triebel, administrator of the estate of Henry G. Triebel, and executed to him a bill of sale for the laundry property and equipment belonging thereto November 24, 1914. Plaintiff had been employed in the laundry as book-keeper for several years and was so employed at the time of the sale. She claimed she had, while her father owned and conducted the laundry, loaned him for use in the business sums of money at various times aggregating $2200, and that she was at the time of the sale a creditor of the Ideal Laundry in that amount, but that it was agreed by defendant that she should be paid in full her claim, and it was for that reason not included in the indebtedness which was discharged by the payment by defendant of sixty cents on the dollar. Plaintiff continued to work at the laundry after its sale to defendant for some time and until she was either discharged or resigned. She demanded payment of defendant of the $2200, and upon his refusal to pay it brought this action.

There were six counts in the declaration but the cause was tried on issues formed by the third count and pleas thereto. That count alleged John Schlatter, doing business as the Ideal Laundry, was indebted to plaintiff in the sum of $2500 for money loaned and advanced him by plaintiff; that he sold the business, assets and property of the laundry to the defendant administrator, who as a part of the consideration for said sale agreed to pay all the indebtedness of Schlatter then outstanding, including the amount due the plaintiff. Plaintiff filed an affidavit of claim with her declaration, stating her demand was for money loaned Schlatter and interest, amounting to $2150. Defendant pleaded the general issue to the whole declaration and a special plea to the third count, denying that as a part of the consideration for the sale of the laundry he agreed to assume and pay all indebtedness of John Schlatter and denying he had promised to pay the plaintiff any sum of money. He filed an affidavit of defense, stating that neither the estate of Henry G. Triebel nor himself, individually, had ever borrowed money from plaintiff and neither was indebted to plaintiff. John Schlatter was also made a defendant but was not served with process and the suit was dismissed as to him. The cause was tried by a jury. A verdict was returned finding in favor of the plaintiff in the sum of $2200, for which sum the court, after overruling a motion for a new trial, rendered judgment *de bonis propriis.*

On the question of plaintiff being a creditor of the Ideal Laundry the testimony was conflicting. We are not called upon to review the evidence and could not do so if we were asked, but it is contended that the contradictory state of the evidence required that the instructions should have been accurate. The only error argued in the brief of plaintiff in error is the giving of the first instruction on behalf of defendant in error. That instruction told the jury that if they believed from the evidence that plaintiff loaned and advanced sums of money to John Schlatter, doing business

as the Ideal Laundry, that defendant bought said laundry and business from Schlatter and thereupon promised and agreed to pay plaintiff said sums of money so loaned by her, they should find the issues for her, etc. It is contended that by this instruction they might find for plaintiff if they found defendant made her a promise, without regard to whether the promise was based upon a sufficient legal consideration. Plaintiff and her father, John Schlatter, testified, in substance, that during the negotiations with defendant about the sale the indebtedness of the Ideal Laundry to her was frequently discussed in connection with the other indebtedness, and defendant told plaintiff he would not include the amount owing to her in the settlement with the other creditors but would pay her in full after he had everything straightened up. Defendant, it is true, directly contradicted plaintiff and her father. If their testimony was true,—and we cannot say it was false,—the promise was a part of the transaction by which defendant acquired the property and was part of the consideration therefor. The plaintiff was simply a creditor of the Ideal Laundry, owning no interest in the property, but we must assume defendant considered it to his advantage in acquiring the property to make the promise to plaintiff, by reason of which promise and agreement plaintiff was induced to waive pressing her claim for adjustment before the sale and rely on defendant's promise and agreement to pay her in full after he had come into possession of the property and business. A contract to be legally binding must be based on a consideration, but any act which is a benefit to one party and a disadvantage to the other constitutes a sufficient consideration to support a contract. (*Buchanan* v. *International Bank*, 78 Ill. 500; *People* v. *Commercial Life Ins. Co.* 247 id. 92.) Under the state of the testimony in this record giving the instruction cannot be held to be reversible error.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*